SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-0019-TUC-JGZ |
| Plaintiff, | No. CR 11-2090-TUC-JGZ (CRP) |
| v. | **ORDER** |
| Leonardo Barranco-Flores, | |
| Defendant/Movant. | |

Movant Leonardo Barranco-Flores, who is confined in the Florence Correctional Center in Florence, Arizona, filed a *pro se* Motion for Sentence Relief Under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003. (Doc. 1.) The following day, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (§ 2255 Motion). (Doc. 3.) The Court will summarily dismiss both motions.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pleaded guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2). The plea agreement provided for a binding recommendation of a sentence of 8 to 78 months, depending on his criminal history. (Doc. 21 at 2-3.) On December 13, 2011, the Court sentenced Movant to a 52-month term of imprisonment followed by three years on supervised release.

In the first of his two motions, Movant seeks relief under a bill (the Federal Bureau of Prisons Nonviolent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003))

introduced in Congress to amend 18 U.S.C. § 3624.  That bill was never enacted. Accordingly, Movant's first motion will be summarily denied. In his § 2255 Motion, Movant seeks a reduction of his sentence because his sentence was enhanced based on his previous convictions, which Movant feels is unfair.  (Doc. 3.)  As discussed below, that motion will be denied based on waiver.

## II.     Summary Dismissal of the § 2255 Motion

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

## III.    Waiver

Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only claims that cannot be waived are claims that the waiver itself was involuntary or that

1  ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.
2  Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
3  right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
4  ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,
5  32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel
6  erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,
7  985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective
8  assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4
9  (declining to decide whether waiver of all statutory rights included claims implicating the
10 voluntariness of the waiver).

11 "Collateral attacks based on ineffective assistance of counsel claims that are
12 characterized as falling outside [the category of ineffective assistance of counsel claims
13 challenging the validity of the plea or the waiver] are waivable."  United States v.
14 Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396
15 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth
16 Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and
17 knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack,
18 in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel
19 during sentencing.").

20 As part of his plea agreement, Movant made the following waiver:

21 The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the
22 information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the
23 sentence is consistent with this agreement. **The defendant further waives:** (1) any right to appeal the Court's entry of judgment against defendant; (2) any
24 right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to**
25 **collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.  The**
26 **defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his**
27 **conviction or sentence in this case**.

28 (Doc. 21 at 4-5) (emphasis added).  Movant indicated in his plea agreement that he had

- 3 -

discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 6-7, 8-9.)

Movant's assertions in his § 2255 motion all pertain to sentencing and not to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion. Accordingly,

**IT IS ORDERED:**

(1) Movant's Motion for Sentence Relief Under Federal Prison Bureau Non-Violent Offender Relief Act is **denied**. (Doc. 1.)

(2) The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 34 in CR11-2090-TUC-JGZ (CRP)) is **denied** and the civil action opened in connection with this Motion, doc. 3 (CV12-0019-TUC-JGZ) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dated this 6th day of March, 2012.

_Jennifer Zipps_
Jennifer G. Zipps
United States District Judge